# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---
## No. 03-18-00153-CV
---

### Texas Department of Transportation, Appellant

### v.

### Albert Lara, Jr., Appellee

---
### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT
### NO. D-1-GN-16-005836, HONORABLE JAN SOIFER, JUDGE PRESIDING
---

### C O N C U R R I N G   A N D   D I S S E N T I N G   O P I N I O N

I concur with the majority's holding that Lara failed to establish the trial court's jurisdiction over his retaliation claim. I respectfully dissent from its holding that Lara established jurisdiction over his discrimination claim; specifically, its conclusion that Lara's request for additional leave was a reasonable request for accommodation that rendered him qualified for his position at the time the request was rejected.

Lara contends that the Department was required to accommodate him by granting him additional unpaid leave after he had exhausted all forms of paid and unpaid leave, including his own accrued sick leave and the donated sick leave that had been pooled from his coworkers. But it is well established that indefinite leave is not a reasonable accommodation. *See Amsel v. Texas Water Dev. Bd.*, 464 F. App'x 395, 400 (5th Cir. 2012) ("Indefinite leave is not a reasonable accommodation.") (citing *Carmona v. Southwest Airlines Co.*, 604 F.3d 848, 860 n.3 (5th Cir. 2010)); *Rogers v.*

*International Marine Terminals, Inc.*, 87 F.3d 755, 759–60 (5th Cir. 1996) ("Nothing in the text of the reasonable accommodation provision requires an employer to wait an indefinite period for an accommodation to achieve its intended effect." (citation omitted)); *Bazile v. AT&T-Bell Labs., Inc.*, 142 F.3d 1279 (5th Cir. 1998) (same). Here, it is undisputed that at the time of his discharge, Lara could not perform the essential functions of his job, he had not been medically cleared to undertake any work at all, he had not been in the office for five months, he would be out at least another five weeks, he would need another major surgery beyond that time, and he had already missed previously scheduled return dates.

Based on these undisputed facts and the controlling law on reasonable accommodation, I would hold that Lara's request for additional leave was not a request for reasonable accommodation that rendered him qualified for his position at the time the request was rejected. Accordingly, I would reverse the trial court's order overruling the Department's plea to the jurisdiction and render judgment dismissing both of Lara's claims for lack of jurisdiction.

_____
Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Baker, and Smith

Filed: May 9, 2019

2